UNITED STATES, Appellee

v

RONALD W. COCHRAN, Private First Class, U. S. Marine Corps, Appellant

18 USCMA 588, 40 CMR 300

No. 22,236
September 19, 1969

*Commander E. M. Fulton, Jr.*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Captain Lester G. Fant, III*, USMCR, was on the pleadings for Appellee, United States.

## Opinion

DARDEN, Judge:

Pursuant to his plea of guilty, the accused was convicted of several offenses including a charge and specification alleging a violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, in that he "did at Newport, North Carolina on or about 20 July 1968, steal a blank money order, serial number 1982475, drawn on the First National Bank of Eastern North Carolina of a value of about $60.30, the property of Mr. Denard Samuel GARNER." Questions before us concern the providence of Cochran's pleas of guilty and whether the court-martial had jurisdiction over the larceny set out above.

The president's inquiry regarding the pleas is similar to that found in United States v Care, 18 USCMA ■ 535, 40 CMR 247. The procedure followed, however, would not meet the standard that must apply to cases tried thirty days after the decision in *Care*. Regardless, the accused's explanation in mitigation giving the reasons he committed these offenses assures us that his pleas are, in fact, provident.

The court-martial's jurisdiction over the larceny charged is a different mat- ██ Because of the plea, ■ the record is barren of factual proof. Comparing the accused's statement in mitigation and the convening authority's synopsis of the circumstances of the offense of larceny, it appears certain that the specification to the charge above properly depicts the larceny committed. It is one that gives no appearance of being "service connected" within the meaning given that term in O' Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). See also United States v Borys, 18 USCMA 547, 40 CMR 259.

Therefore, the finding of guilty as to Charge II and its specification is dismissed. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess the sentence on the remaining charges and specifications.

FERGUSON, Judge (concurring in the result):

I concur in the result.

I concur in that portion of the opinion which provides for setting aside the accused's conviction of the charge and specification alleging larceny of a money order, on the ground that the offense was not "service connected" and was triable in the local civilian courts. O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969); United States v Borys, 18 USCMA 547, 40 CMR 259. However, I concur only in the result with reference to the president's inquiry into the accused's pleas of guilty for the reasons set forth in my dissent in United States v Care, 18 USCMA 535, 40 CMR 247.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review. See my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.